UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

CARLOS OCAMPO, IGOR MOROZOV, JORGE
VILLANUEVA, AMAURY ORTIZ, PLINIO RETANA,
MANUEL CALDERON, and SUTEE
MONCHAITANAPAT, on behalf of themselves and
all others similarly situated,

                           Plaintiffs,

-against-

455 HOSPITALITY LLC, DOUBLETREE FRANCHISE
LLC, DOUBLETREE HOTEL SYSTEMS, INC.,
RICHARD FRIEDMAN, DAVID RIBBENS,
NORMA ABDOU and NURUL HAQUE,

                           Defendants.

------------------------------------------------------------------------X

Case No.

COLLECTIVE
ACTION COMPLAINT

JURY TRIAL DEMANDED

**14 CIV. 9614**

Plaintiffs Carlos Ocampo ("Ocampo"), Igor Morozov ("Morozov"), Jorge Villanueva ("Villanueva"), Amaury Ortiz ("Ortiz"), Plinio Retana ("Retana"), Manuel Calderon ("Calderon"), and Sutee Monchaitanapat ("Monchaitanapat") (collectively "Plaintiffs"), by their attorneys, Smith, Buss & Jacobs, LLP and Vincent Volino PLLC, for their Complaint against defendants 455 Hospitality LLC ("455 Hospitality"), Doubletree Franchise LLC ("Doubletree LLC"), Doubletree Hotel Systems, Inc. ("Doubletree HSI"), Richard Friedman ("Friedman"), David Ribbens ("Ribbens"), Norma Abdou ("Abdou"), and Nurul Haque ("Haque"), (collectively "Defendants"), allege as follows:

### INTRODUCTION

1.      By this action, Plaintiffs, banquet servers employed to work at DoubleTree by Hilton Hotel, located at 455 Broadway, Tarrytown, New York 10591 (the "Hotel"), seek to, among other things, recover from Defendants unpaid overtime, gratuities, and tips pursuant to the Federal Fair Labor Standards Act ("FLSA") and New York Labor Law and regulations.

2.     Over a period of years, Plaintiffs' checks, which covered two week periods, regularly stated that they worked 80 hours, even though they actually worked well over 40 hours each week, and at times in excess of 60 hours in a week. Thus, by these false payroll records, Defendants' systematically violated the labor law by failing to pay Plaintiffs the overtime wages that they were entitled to. Even though Plaintiffs' true overtime hours were plainly reflected in the Hotel's employee sign-in sheets, Haque, Plaintiffs' supervisor, has denied that Plaintiffs have worked any significant overtime hours. Similarly, Abdou, the Hotel's Banquet Director, told several of the Plaintiffs that the Hotel's policy is to pay Plaintiffs a fixed amount of hours for the breakfast, lunch and dinner parties they work no matter how many hours they actually work at such parties.

3.     Defendants have purportedly paid Plaintiffs through a "tip pool" comprised of a 12% gratuity fee that customers pay for each banquet at which Plaintiffs work. Under the controlling New York Labor Law regarding tip pools, the employer must keep a written record of the tips collected for the pool and the formula for calculating the portion of the tips each employee is to receive. Further, the employer must make these records available to the participants in the tip pool. However, the tip pool compensation that Plaintiffs have received does not reflect the full hours and functions they have worked, and/or the full cost of the banquets. In addition, Defendants have violated New York Labor Law by failing to provide to Plaintiffs the required written records concerning the tip pool, despite Plaintiffs' repeated requests that Defendants verify how the tip pool compensation is calculated.

4.     Defendants have also violated the labor law by accepting and retaining Plaintiffs' gratuities. Upon information and belief, customers have regularly paid Defendants an 11% fee labeled as a "service charge." Under New York Labor Law, Defendants have been required to

2

pay the service charge to Plaintiffs as a gratuity, unless Defendants notified customers that Plaintiffs would not be so paid. Upon information and belief, during the course of Plaintiffs' employment, Defendants frequently failed to notify customers that the service charge was not paid to Plaintiffs, and failed to pay Plaintiffs such service charges as a gratuity in violation of New York Labor Law. In addition, upon information and belief, Abdou regularly cheated Plaintiffs by soliciting banquet customers for cash tips to be paid to Plaintiffs, and then pocketing the monies she received from such solicitations.

5.      As a result of these failures by Defendants to pay over to Plaintiffs the gratuities and tips that Defendants received, Defendants did not qualify for the tip credits they took against Plaintiffs' wages, and under the labor law, Defendants are now liable to Plaintiffs for these tip credit amounts.

6.      Defendants' other abuses include, but are not limited to (a) failing to pay Plaintiffs "spread of hours pay," which is required under New York Labor Law when an employee's shift exceeds ten hours; (b) failing to provide to Plaintiffs written notice of their pay rate, their overtime pay rate, and the tip credits taken by the Hotel; (c) failing to pay Plaintiffs minimum wage by, among other things, shaving hours, failing to pay Plaintiffs for non-tipped duties, requiring Plaintiffs to work overlapping parties, but only paying them monies in connection with one of them, and implementing a mandatory paycheck deduction for meals even though Plaintiffs did not uniformly eat meals provided by the Hotel; (d) failing to give Plaintiffs breaks during their work day; (e) failing to pay Plaintiffs a uniform maintenance allowance as required by New York Labor Law; and (f) upon information and belief, the destruction of payroll records that Defendants were required to keep under New York Labor Law.

7.     Finally, after Defendants' violations of law were reported to the New York Department of Labor, Defendants have engaged in a policy and practice of retaliating against Plaintiffs by, among other things, reducing their hours in violation of the FSLA and New York Labor Law.

8.     For all these reasons, explained in greater detail herein, Defendants are liable to Plaintiffs in an amount in excess of $2,000,000, comprised of the minimum wages, overtime pay, gratuities, and tips that the Hotel has failed to pay Plaintiffs, spread of hours pay, liquidated damages, attorneys' fees and costs.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. § 1331 because they arise under the laws of the United States.

10.     This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal law claims in that they form part of the same case or controversy under Article III of the United States Constitution.

11.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

12.     Plaintiff Ocampo is an individual who resides in Bergen County, New Jersey.

13.     Plaintiff Morozov is an individual who resides in Kings County, New York.

14.     Plaintiff Villanueva is an individual who resides Fairfield County, Connecticut.

15.     Plaintiff Ortiz is an individual who resides in Fairfield County, Connecticut.

16.     Plaintiff Retana is an individual who resides in Westchester County, New York.

4

17.     Plaintiff Calderon is an individual who resides in Westchester County, New York.

18.     Plaintiff Monchaitanapat is an individual who resides in Westchester County, New York.

19.     At relevant times, each of the Plaintiffs was, and is, an "employee" of Defendants, through their work at the Hotel, as defined by the FLSA and New York Labor Law.

20.     Plaintiffs were not involved in interviewing, selecting, hiring or firing employees.

21.     Plaintiffs were not involved in adjusting employees' rates of pay or hours of work, or in directing the work of other employees.

22.     Plaintiffs were not involved in evaluating employees' productivity or efficiency for the purpose of recommending promotions or other changes in status, or in handling employee complaints and grievances.

23.     Plaintiffs were not involved in disciplining employees.

24.     Plaintiffs were not involved in planning the work, determining the techniques to be used, or apportioning the work among the employees.

25.     Plaintiffs were not responsible for providing for the safety and security of the employees or the property, planning and controlling the budget, or monitoring or implementing legal compliance measures.

26.     Accordingly, at all relevant times, Plaintiffs were non-exempt employees covered under FLSA and New York Labor Law.

27.     Defendant 455 Hospitality is a limited liability company organized under the laws of the State of New York and is the owner, operator and manager of the Hotel.

28.     Upon information and belief, 455 Hospitality does business as "DoubleTree by Hilton Hotel Tarrytown."

29.     Upon information and belief, the members of 455 Hospitality are Browne & Appel LLC (32.32%), a New Jersey limited liability company, Teddy Lichtenstein and Eliezer Scheiner (collectively 16.66%), and Jordan LLC (50.02%).

30.     Upon information and belief, Browne & Appel LLC is owned by Alex Sirotkin and Paul Sirotkin.

31.     Upon information and belief, Alex Sirotkin is the managing principal of 455 Hospitality.

32.     Upon information and belief, 455 Hospitality is a franchisee of Defendant Doubletree LLC and/or defendant Doubletree HSI (at times referred to herein collectively, or in the alternative, as the "Franchisor Defendants").

33.     Upon information and belief, Doubletree LLC is a limited liability company organized under the laws of the State of Delaware, with principal offices located at 7930 Jones Branch Drive, McClean, Virginia 22102.

34.     Upon information and belief, Defendant Doubletree HSI is a corporation organized under the laws of the state of Arizona, with principal offices located at 7930 Jones Branch Drive, McClean, Virginia 22102.

35.     Upon information and belief, the Franchisor Defendants have granted franchises to operate Doubletree by Hilton Hotels in New York under the "Doubletree System" and granted licenses to franchisees, including 455 Hospitality.

36.     Upon information and belief, Defendant Friedman is an individual residing in Westchester County, New York, who is, and has been, the General Manager of the Hotel as well as one of Plaintiffs' supervisors.

37.    Upon information and belief, Defendant Ribbens is an individual residing in Rockland County, New York, who is, and has been, the Food and Beverage Director of the Hotel as well as one of Plaintiffs' supervisors.

38.    Upon information and belief, Defendant Abdou is an individual residing in Westchester County, New York, who is, and has been, a Banquet Manager of the Hotel as well as one of Plaintiffs' supervisors.

39.    Upon information and belief, Defendant Haque is an individual residing in Bronx County, New York, who is, and has been, a Banquet Manager of the Hotel as well as one of Plaintiffs' supervisors.

40.    At all relevant times, Defendants, including the Franchisor Defendants, have, and continue to, employ and/or jointly employ Plaintiffs and similarly situated employees within the meaning of 29 U.S.C. § 203 and New York Labor Law §§ 2(7) and 190(2).

41.    Upon information and belief, the Franchisor Defendants perform related activities through common control for a common business purpose and therefore constitute a single "enterprise" within the meaning of 29 U.S.C. § 203.

42.    Upon information and belief, at all relevant times, the Franchisor Defendants were engaged in commerce or in an industry or activity affecting commerce in an enterprise with annual gross volume sales or business done of not less than $500,000.

COLLECTIVE ACTION ALLEGATIONS

43.    Plaintiffs bring their FLSA claims as an "opt-in" collective action, pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of themselves, as well as all similarly situated persons who have worked for, or currently work for, Defendants at the Hotel at all relevant times (the "Collective Action Members").

44.     Defendants are liable under the FLSA for failing to compensate Plaintiffs and the Collective Action Members.

45.     Upon information and belief, there are over 25 similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA and who will benefit from the issuance of a court-supervised notice of the present lawsuit.

46.     Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

FACTUAL BACKGROUND

Plaintiffs' Employment At The Hotel

47.     Plaintiffs Retana, Monchaitanapat and Morozov were first employed by Defendants as full-time banquet servers, working at the Hotel, when the Hotel opened as a "Doubletree by Hilton" in or about October 2007, and have been employed in that position from such time to this day.

48.     Plaintiff Calderon was first employed by Defendants as a part-time banquet server, working at the Hotel, in or about late 2007.

49.     Calderon began working as a full-time banquet server in or about 2009, and has been employed in that position from such time to this day.

50.     Plaintiff Ocampo was first employed by Defendants as a full-time banquet server working at the Hotel in or about December 2010, and has been employed in that position from such time to this day.

51.     Plaintiff Villanueva was first employed by Defendants as a full-time banquet server, working at the Hotel, on or about September 19, 2010, and has been employed in that position from such time to this day.

52.     Plaintiff Ortiz was first employed by Defendants as a part-time banquet server, working at the Hotel, in or about December 2010.

53.     Ortiz began working as a full-time banquet server on or about December 10, 2012, and has been employed in that position from such time to this day.

The Oppressive And Unlawful
Work Conditions At The Hotel

54.     From 2007 to the present, Defendants have implemented and enforced oppressive work conditions that violate the FLSA and New York Labor Law.

55.     During this period, Plaintiffs regularly worked over 40 hours per week, and often in excess of 60 hours per week.

56.     However, Defendants regularly failed to pay Plaintiffs the overtime wages they were entitled to under the FLSA and New York Labor Law.

57.     Instead, during this time, Defendants have regularly paid Plaintiffs every two weeks a total of 80 hours, even though Plaintiffs often worked well more than 40 hours each week, and at times in excess of 60 hours in a week.

58.     Even though Plaintiffs' true overtime hours were plainly reflected in the Hotel's employee sign-in sheets, Haque, Plaintiffs' supervisor, has denied that Plaintiffs have worked any significant overtime hours.

59.     Similarly, Abdou told several of the Plaintiffs that the Hotel's policy is to pay Plaintiffs a fixed amount of hours for the breakfast, lunch and dinner parties they work no matter how many hours they actually work at such parties.

60.     Plaintiffs have been paid a wage comprised of a regular rate amount and a tip credit that purportedly totaled the minimum wage required by the FLSA and New York Labor Law.

61.     A tip credit is a credit an employer may take towards the basic minimum hourly rate if a service employee or food service worker receives enough tips and if the employee has been notified of the tip credit.

62.     However, Plaintiffs have regularly been paid less than the minimum wage as set forth in paragraph 71 (e) below.

63.     In addition, Defendants have purportedly paid Plaintiffs a gratuity of 12% of the cost of each banquet they work through a "tip pool."

64.     Under New York Labor Law, employers that pay employees through a tip pool must keep a written record of the tips collected by each employee and the formula for calculating the portion of the tips each employee is to receive, and must make these records available to the participants in the tip pool.

65.     However, the tip pool compensation that Plaintiffs have received has not reflected the full hours they have worked and/or the full cost of the banquets, and Defendants violated New York Labor Law by not providing Plaintiffs the required written records of the tip pool compensation, despite Plaintiffs' repeated demands that Defendants verify how the tip pool compensation is calculated.

66.     Further, upon information and belief, customers have regularly paid Defendants an 11% fee labeled as a "service charge."

67.     Under New York Labor Law, Defendants have been required to pay the service charge to Plaintiffs as a gratuity, unless Defendants notified customers that Plaintiffs would not be so paid.

68.     Upon information and belief, during the course of Plaintiffs' employment, Defendants frequently failed to notify customers that the service charge was not paid to

Plaintiffs, and failed to pay Plaintiffs such service charges as tips in violation of New York Labor Law.

69.     In addition, Abdou regularly cheated Plaintiffs by soliciting customers for cash tips to be paid to Plaintiffs, and then pocketing the monies she received from such solicitations.

70.     As a result of these failures by Defendants to pay over to Plaintiffs the gratuities and tips that Defendants received, Defendants did not qualify for the tip credits they took against Plaintiffs' wages, and under the labor law, Defendants are now liable to Plaintiffs for these tip credit amounts.

71.     Defendants' abusive work policies encompassed numerous other violations of the FSLA and/or New York Labor Law including:

(a)     failing to pay Plaintiffs "spread of hours pay," which is required under New York Labor Law when an employee's shift exceeds ten hours;

(b)     failing to provide to Plaintiffs written notice of their pay rate, their overtime pay rate, and the tip credits taken by the Hotel;

(c)     failing to give Plaintiffs breaks during their work day;

(d)     failing to pay Plaintiffs a uniform maintenance allowance as required by New York Labor Law;

(e)     failing to pay Plaintiffs minimum wage by, among other things, shaving hours, failing to pay Plaintiffs for non-tipped duties, requiring Plaintiffs to work overlapping parties, but only paying them for one of them, and implementing a mandatory paycheck deduction for meals even though Plaintiffs did not uniformly eat meals provided by the Hotel; and

(f)    upon information and belief, the destruction of payroll records that Defendants were required to keep under New York law.

72.    Finally, after Defendants' violations of the FLSA and New York Labor Law were reported to the New York Department of Labor, Defendants have engaged in a policy and practice of retaliating against Plaintiffs by, among other things, reducing their hours in violation of the FLSA and New York Labor Law.

The Facts Concerning The Franchisor Defendants

73.    Upon information and belief, in or about 2007, Doubletree LLC became the franchisor of hotels which operate under the "DoubleTree," "Doubletree By Hilton," and "DoubleTree Suites By Hilton" brands in the 50 states of the United States, its Territories and Possessions and the District of Columbia.

74.    Upon information and belief, Doubletree HSI is the predecessor of Doubletree LLC.

75.    Upon information and belief, Doubletree LLC's direct corporate parent is Hilton Franchising Holding LLC, and its indirect corporate parent is Hilton Worldwide, Inc.

76.    Upon information and belief, Doubletree LLC's ultimate corporate parent is Hilton Worldwide Holdings, Inc.

77.    Upon information and belief, in or about 2005, Doubletree LLC and/or Doubletree HSI granted 455 Hospitality a franchise to operate a Doubletree by Hilton Hotel, under the "DoubleTree hotel system" (the "System") at 455 Broadway, Tarrytown, NY 10591.

78.    Upon information and belief, the Franchisor Defendants have maintained control of 455 Hospitality, by, among other things (a) maintaining the right to inspect the Hotel at any time to ensure compliance with System standards; (b) requiring that 455 Hospitality maintain

12

complete and accurate records concerning the Hotel's finances, the operation of the Hotel and other aspects of the Hotel, and maintain an accounting system that accurately reflects all financial aspects of the Hotel and its business; (c) requiring 455 Hospitality to deliver daily, monthly, quarterly and annual profit and loss statements, balance sheets, and other reports that the Franchisor defendants require; (d) requiring 455 Hospitality to purchase and/or lease equipment, furnishings, furniture, computer terminals and other items in order for the Hotel to qualify as a "System" hotel; and (e) requiring 455 Hospitality to participate in and pay all charges related to all of the Franchisor Defendants' marketing programs and guest frequency programs including the Hilton HHonors Worldwide guest reward programs.

79. Upon information and belief, the Franchisor Defendants mandated that 455 Hospitality require its employees to participate in the Franchisor Defendants' training programs.

80. Upon information and belief, the full training of 455 Hospitality's employees, pursuant to training programs provided by the Franchisor Defendants, was a condition that 455 Hospitality had to meet before the Franchisor Defendants certified the opening of the Hotel.

81. Upon information and belief, after the Hotel was opened, the Franchisor Defendants required 455 Hospitality to implement a new employee training program, which is mandatory for all new employees, that includes, among other things, an orientation, and training regarding job and service skills required for all jobs.

82. Upon information and belief, the Franchisor Defendants mandate that 455 Hospitality must train its staff to operate the Hotel in accordance with the Franchisor Defendants' manual and such other instructions that they may require.

83. Upon information and belief, by the System, the Franchisor Defendants have set standards and controls for 455 Hospitality that allows for 455 Hospitality's use of the Doubletree

brand and trademarks, and 455 Hospitality's use of numerous programs under conditions that have been set by the Franchisor Defendants, including a reservation service; advertising, publicity and other marketing programs and materials; and standards, specifications and policies for construction, furnishing, operation, appearance, and service of the Hotel.

84.     Upon information and belief, the Franchisor Defendants required 455 Hospitality to purchase and install a business software system, known as "OnQ", which includes a proprietary management component, reservations component, revenue management component, rate and inventory component, forecast management component, learning management component, and other components that are considered necessary to support activities including reservations, distribution, sales, customer relationship management, Hotel operations, and business intelligence gathering and analysis.

85.     Upon information and belief, there is, and has been, no limit to the Franchisor Defendants' right to make changes to the System, and 455 Hospitality is obligated to comply with all changes to the System that Defendants make in their absolute, and unlimited, discretion.

FIRST CLAIM FOR RELIEF
FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE

86.     Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

87.     Defendants have failed to pay the minimum wage by, among other things (a) withholding gratuities and tips from Plaintiffs, which thereby barred Defendants from the right to take a tip credit with respect to Plaintiffs' wages; (b) shaving hours; (c) failing to pay Plaintiffs for non-tipped duties, requiring Plaintiffs to work overlapping parties, but only paying them for

one of them, and (d) implementing a mandatory paycheck deduction for meals even though Plaintiffs did not uniformly eat meals provided by the Hotel.

88.     By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq*., including 29 U.S.C. §§ 203(m), 206 and 215 (a)(2).

89.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

90.     Defendants' failure to pay minimum wages caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon.

91.     Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid minimum wages including the amount of the tip credits that were taken by Defendants, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW – UNPAID MINIMUM WAGE

92.     Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

93.     Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wage for all hours worked in violation of the New York Labor Law and regulations promulgated thereunder.

94.     Defendants have failed to pay the minimum wage by, among other things (a) shaving hours; (b) withholding gratuities and tips from Plaintiffs which thereby barred Defendants from the right to take a tip credit with respect to Plaintiffs' wages; (c) failing to pay

Plaintiffs for non-tipped duties; (d) requiring Plaintiffs to work overlapping parties, but only paying Plaintiffs for one of them; and (e) implementing a mandatory paycheck deduction for meals even though Plaintiffs did not uniformly eat meals provided by the Hotel.

95. Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, including the amount of the tip credits that were taken by Defendants, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to the New York Labor Law.

THIRD CLAIM FOR RELIEF<br>FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

96. Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

97. By failing to pay overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(l) and 215(a)(2).

98. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

99. Defendants' failure to pay overtime caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon.

100. Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## FOURTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW- UNPAID OVERTIME

101.    Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

102.    Defendants willfully violated Plaintiffs' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of forty (40) each week, in violation of the New York Labor Law and regulations promulgated thereunder.

103.    Defendants' failure to pay overtime premium compensation caused Plaintiffs to suffer loss of wages and interest thereon.

104.    Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to the New York Labor Law.

## FIFTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW – UNLAWFUL TIP POOL

105.    Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

106.    Pursuant to N.Y. Comp. Code R. & Regs. tit. 12 § 146-2.17, Defendants were obligated to keep accurate records of the tips collected by and for Plaintiffs, and the amount of tips that each employee receives from the tip pool.

107.    Upon information and belief, Defendants violated the record keeping requirements by failing to keep such records.

108.    Defendants violated the record keeping requirements by failing to provide such records despite Plaintiffs' repeated requests to review these records, and for an explanation of how their tips were calculated under the tip pool system created and implemented by Defendants.

109.    Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid gratuities, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs and disbursements of the action pursuant to the New York Labor Law.

SIXTH CLAIM FOR RELIEF
NEW YORK LABOR LAW – FAILURE TO PAY TIPS

110.    Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

111.    Section 190(D) of the New York Labor Law prohibits employers from demanding, accepting, or retaining directly or indirectly, any part of an employee's gratuity.

112.    Upon information and belief, among other things, Abdou has regularly solicited from customers tips to be paid to Plaintiffs, and then kept the money she received from such customers.

113.    Upon information and belief, among other things, Defendants have regularly cheated Plaintiffs out of tips by failing to pay Plaintiffs tips they were entitled to receive from the tip pool.

114.    Upon information and belief, Defendants have failed to pay Plaintiffs gratuities that customers have paid to Defendants as "service charges".

115.    Due to the Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants their unpaid gratuities and tips, the tip credits that Defendants deducted from Plaintiffs' wages, liquidated damages, pre-judgment and post-judgment interest,

reasonable attorneys' fees, and costs and disbursements of the action pursuant to the New York Labor Law.

## SEVENTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW – WAGE STATEMENT VIOLATIONS

116.    Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

117.    Defendants have willfully failed to provide a wage statement to Plaintiffs as required by New York Labor Law that sets forth the formula by which Plaintiffs have been paid through a tip pool required by Defendants.

118.    Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants one hundred dollars ($100) per employee for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500) per employee, as provided for by New York Labor Law § 190 *et seq.*, liquidated damages as provided for by New York Labor Law, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## EIGHTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW – UNPAID UNIFORM LAUNDERING ALLOWANCE

119.    Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

120.    New York Labor Law requires employers to compensate employees beyond that specified by the minimum wage, for laundering and maintaining required uniforms in violations of New York State labor regulations. 12 N.Y.C.R.R. §§ 142.2.22, 142-2.5(c), and 146-1.7.

121.    Defendants failed to pay Plaintiffs additional pay beyond that specified by the minimum wage for laundering and maintaining required uniforms.

122.    Defendants' failure to pay Plaintiffs additional pay beyond that specified by minimum wage for laundering and maintaining required uniforms in violation of New York State labor regulations was not in good faith.

## NINTH CLAIM FOR RELIEF
### New York Labor Law – SPREAD-OF-HOURS PAY

123.    Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

124.    New York Labor Law requires employers to pay an extra hour's pay for each day that an employee works an interval in excess of ten hours pursuant to New York Labor Law §§ 190 *et seq.* and §§ 650 *et seq.*, and New York Department of Labor regulations, 12 N.Y.C.R.R. §§ 142-2.4.2.18 and 146-1.6.

125.    Defendants failed to pay Plaintiffs an extra hour's pay at the minimum wage rate for every day that Plaintiffs worked an interval in excess of ten hours.

126.    Defendants' failure to Plaintiffs spread-of-hours pay was not in good faith.

## TENTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW – FAILURE TO PROVIDE MEAL PERIODS

127.    Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

128.    New York Labor Law requires that employers provide: (a) a noon day meal period of at least 30 minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 am to 2 pm; (b) an additional meal period between 5 pm and 7 pm of at least 20 minutes for employees whose shift started before 11 am and continues later than then 7 pm; and/or (c) a 45 minute meal period at a time midway between the beginning

and end of the shift for employees whose shift lasts more than 6 hours and starts between 1 pm and 6 am.

129.    Defendants failed to provide the meal periods required by New York Labor Law.

130.    Defendants' failure to provide the meal periods required by New York Labor Law was not in good faith.

ELEVENTH CLAIM FOR RELIEF
NEW YORK LABOR LAW – MAINTENANCE OF EMPLOYMENT RECORDS

131.    Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

132.    New York Labor Law requires employers to maintain adequate and accurate written records of the actual hours that employees have worked and the true wages earned by them.

133.    Upon information and belief, Defendants failed to maintain adequate and accurate written records of the actual hours worked and the true wages earned by Plaintiffs.

134.    Defendants' failure to maintain adequate and accurate written records of the actual hours worked and the true wages earned by Plaintiffs was not in good faith.

TWELFTH CLAIM FOR RELIEF
NEW YORK LABOR LAW – FAILURE TO PROVIDE NOTICE
AND INFORMATION ABOUT EMPLOYMENT LAWS

135.    Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

136.    New York Labor Law and related regulations require employers to notify employees of their intent to apply a tip credit and post a notice conspicuously explaining the employment laws' requirements.

137.    During the period that Plaintiffs have been employed by Defendants, Defendants have not posted the notices required by New York Labor Law informing Plaintiffs of the requirements of such laws, and/or have not otherwise informed Plaintiffs about those requirements.

138.    Defendants' failure to post the required notices and/or otherwise inform Plaintiffs of the requirements of the employment laws was not in good faith.

### THIRTEENTH CLAIM FOR RELIEF
### VIOLATION OF FLSA – ILLEGAL DEDUCTIONS

139.    Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

140.    New York Labor Law allows certain deductions from an employee's wages as long as they are voluntary, and prohibits deductions other than those allowed by law.

141.    In violation of New York Labor Law, Defendants unlawfully made mandatory deductions from Plaintiffs' paychecks, without ever requesting Plaintiffs' consent to such deductions, for meals even though Plaintiffs did not uniformly eat meals provided by the Hotel.

142.    Defendants' violation of taking unlawful deductions was not in good faith.

### FOURTEENTH CLAIM FOR RELIEF
### VIOLATION OF FLSA – RETALIATION

143.    Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

144.    The FLSA prohibits employers from discriminating, or taking other adverse actions, against an employee because he or she has engaged in protected activity such as making a complaint to the New York State Department of Labor about employment law violations.

145.    Plaintiffs have engaged in protected activity as defined under the FLSA.

146.    Defendants have engaged in a policy, pattern and/or practice of retaliating against Plaintiffs who engaged in protected activity by, among other things, selectively reducing schedules.

147.    Defendants' policy, pattern and/or practice of retaliating adversely affects Defendants' employees by chilling their participation in protected activity.

148.    Defendants' policy, pattern and/or practice was willful.

FIFTEENTH CLAIM FOR RELIEF
VIOLATION OF New York Labor Law – RETALIATION

149.    Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

150.    New York Labor Law prohibits employers from discriminating, or taking other adverse actions, against an employee because he or she has engaged in protected activity such as making a complaint to an employer, or other entity, about employment law violations.

151.    Plaintiffs have engaged in protected activity as defined by New York Labor Law.

152.    Defendants have engaged in a policy, pattern and/or practice of retaliating against Plaintiffs who engaged in protected activity by, among other things, selectively reducing schedules.

153.    Defendants' policy, pattern and/or practice of retaliating adversely affects Defendants' employees by chilling their participation in protected activity.

JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues properly before this Court and all questions of fact raised by this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and the FLSA Collective respectfully request that this Court enter a judgment providing the following relief:

(a)     Certification of this action as collective action pursuant to the FLSA;

(b)     Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful;

(c)     An order requiring Defendants to pay all unpaid minimum wages, the tip credits that Defendants deducted from Plaintiffs wages, overtime wages, gratuities, tips, all unauthorized deductions, and an equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the United States Department of Labor regulations in an amount not less than $2,000,000;

(d)     An order requiring Defendants to pay all unpaid minimum wages, the tip credits that Defendants deducted from Plaintiffs wages, overtime pay, gratuities, tips, spread-of-hours pay, pay illegally deducted, compensation for uniform laundering, all other unauthorized deductions, and liquidated damages in an equal amount under New York Labor Law § 190, *et seq.*, 650 *et seq.*, and the supporting New York State Department of Labor regulations in an amount not less than $2,000,000;

(e)     An order pursuant to New York Labor Law requiring Defendants to immediately comply with the employment laws, including providing meal breaks, paying appropriate minimum wage rates and overtime pay, paying tip wages, paying gratuity wages, spread-of-hours pay, compensation for uniform laundering, maintaining the required records of, *inter alia*, the hours, pay, deductions, time for untipped work, time worked doing other work, and informing employees of the requirements of the employment law;

(f)     Legal and equitable relief as a remedy for the retaliation against Plaintiffs, including but not limited to declaratory relief declaring the subject actions as retaliatory, prohibiting future retaliation, payment of lost wages resulting from retaliatory actions, as well as other lost compensation in an amount not less than $100,000 and punitive damages in an amount not less than $500,000;

(g)     Pre-judgment interest and post-judgment interest, as allowed by law;

(h)     Attorneys' fees pursuant to 29 U.S.C. § 216(b) and New York Labor Law §§ 198 and 663;

(i)     The costs and disbursements of this action; and

(j)     Such other relief as this Court deems just and proper.

Dated: Yonkers, New York
       December 4, 2014

                                      SMITH, BUSS & JACOBS, LLP

By:    _____
                John J. Malley, Esq. (JM3900)
                733 Yonkers Avenue, Suite 200
                Yonkers, New York 10704
                Tel: (914) 476-0600
                Fax: (914) 476-0614
                jmalley@sbjlaw.com

                -and-

                Vincent Volino, Esq. (VV1101)
                Vincent Volino PLLC
                1250 Central Park Avenue
                Yonkers, New York 10704
                Tel: (914) 423-2023
                Fax: (914) 423-8964
                vvolino@volinolaw.com

                *Attorneys for Plaintiffs*