# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

CARLOS OCAMPO, ET AL.,

                                      **Plaintiffs,**

- *against* -

455 HOSPITALITY LLC, ET AL.,

                                      **Defendants.**

**ORDER**

14 Civ. 9614 (PED)(KMK)

**PAUL E. DAVISON, U.S.M.J.:**

This Order addresses a dispute concerning 6 email chains responsive to plaintiffs' discovery demands which have been withheld by defendants Accord Human Resources 14, Inc. ("Accord") and TriNet HR III, Inc. ("TriNet") on the basis of attorney-client privilege. The emails are described in a letter from TriNet/Accord's counsel dated January 17, 2020, and have been submitted to the Court for *in camera* review. [Dkt. 360.] Plaintiffs submitted a letter in support of their position that the emails should be disclosed. [Dkt. 362.] Because it appeared that the privilege, if any, belongs to defendant 455 Hospitality, LLC ("455") the Court invited 455 to weigh in on the dispute, and 455's counsel did so by letter dated January 29, 2020. [Dkt. 365.] On January 31, 2020, the Court directed 455 to supply certain additional information bearing on the dispute [Dkt. 366], and 455 complied by letter dated February 5, 2020. [Dkt. 373.] Familiarity with these communications, and with the entire record, is assumed.

The Court rules as follows:

1. The Court agrees with 455 that the 2 email chains relating to a legal claim, beginning with an October 30, 2015 email from Levitan to Elchonen and later circulated to Leavery and O'Brien, were in furtherance of 455 and Tri/Net Accord's common interest. The claim of privilege is **SUSTAINED** as to these 2 documents.

2. The remaining 4 email chains, each of which begins with an October 31, 2015 email from Levitan to Elchonen, were circulated by Mr. Elchonen (Mr. Levitan's client) to recipients including Pete Civello at pere@civelloinsurance.com. According to 455's counsel, Mr. Civello was Vice President of Sales with Accord Human Resources of New York when 455 entered into a contract with Accord Human Resources in 2010, but was "[u]pon information and belief" no longer employed by Accord when these emails were exchanged in Autumn 2015. [Dkt. 373.] 455 has provided no explanation as to why Mr. Civello was copied on these email chains. It thus appears that Mr. Civello was a stranger to any common legal interest shared between 455 and TriNet/Accord.

It is axiomatic that disclosure of an otherwise privileged communication to a third party waives the privilege unless some exception applies.[1] Accordingly, 455 has waived any privilege applicable to these 4 email chains, so the claim of privilege is **OVERRULED**. Accord/TriNet shall produce these 4 email chains to plaintiffs within five days of this Order.

Dated: February 13, 2020
White Plains, New York

SO ORDERED

Paul E. Davison, U.S.M.J.

---

[1] 455 does not indicate whether the inclusion of Mr. Civello, a former Accord executive, on these email chains was inadvertent. In any event, 455 has made no showing that they "took reasonable steps to prevent disclosure or prompt steps to rectify [any] erroneous disclosure" to Civello. DeSouza v. Park West Apts., Inc., 2018 U.S. Dist. LEXIS 14526 at *6 (D.Conn. Jan. 30, 2018)(reviewing caselaw regarding whether a party has waived the attorney-client privilege through inadvertent disclosure).