UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARLOS OCAMPO, *et al.*,

                      Plaintiffs,

        v.

455 HOSPITALITY LLC, *et al.*,

                      Defendants.

No. 14-CV-9614 (KMK)

ORDER

---

KENNETH M. KARAS, United States District Judge:

On February 4, 2020, Defendants Browne & Appel, LLC ("B&A") and Alexander Sirotkin ("Sirotkin"; collectively, "Moving Defendants") filed a Motion To Dismiss Plaintiffs' Fourth Amended Complaint ("FAC"). (Dkt. Nos. 368–70.)[1,2] On February 26, 2020, Plaintiffs filed their Response. (Dkt. Nos. 378–79.) Plaintiffs included with their Response several exhibits outside of the FAC, including declarations submitted in connection with a previous Motion To Amend, complaints submitted to the Department of Labor ("DOL") by certain Plaintiffs, and letters from the DOL in response. (Dkt. No. 378.) Plaintiffs relied on this material in their Response, arguing that the materials established that "the failure to name

---

[1] Defendants Teddy Lichtschein ("Lichtschein"), Eliezer Scheiner ("Scheiner"), and Jordan, LLC ("Jordan") originally joined in the Motion. (*See* Lichtschein and Scheiner Not. of Mot.; Jordan Not. of Mot. (Dkt. Nos. 371–72).) However, on June 19, 2020, Plaintiffs informed Judge Davison that they had reached a settlement in principle on their claims against all Defendants, with the exception of B&A and Sirotkin. (Dkt. No. 395.) The Court therefore assumes that Defendants Lichtschein, Scheiner, and Jordan no longer join in the Motion.

[2] Plaintiffs are Carlos Ocampo, Igor Morozov, Jorge Villaneva, Amaury Ortiz, Plinio Retana, Manuel Calderon, Sutee Monchaitanapat, Douglas Molina, Nelson Delarosa, Felipe Barriga, Sonia Gonzalez, Alberto Gonzales, Panfilo Escobar, Edward Suriel, Alejandro Gonzalez, Francisco Solis, Candido Sanchez, Estela Penalo Diaz, Lucia Rojas-Escolastico, Jennys Moya, Clarisa Rojas-DeLaRosa, Hilario Ku, and Maria Lamoth, who bring this Action on behalf of themselves and all others similarly situated. Numerous other individuals have also consented to join the Action as well. (*See* Dkt. Nos. 23–35, 63–70, 73–74, 94–118, 120–21, 123–26, 128–46, 148–76, 179–80, 196–97, 204–05, 208–09, 214, 259–60.)

[Moving Defendants] as parties to the original [C]omplaint was due to a mistake as to the identity [of the] parties who were liable for the violations at issue in this case." (Dkt. No. 379.) Defendants similarly included with their Reply, filed on March 10, 2020, excerpts from two deposition transcripts, and relied upon these transcripts in their Reply to establish that Plaintiffs' failure to name Moving Defendants in earlier Complaints was not a mistake. (Dkt. Nos. 382–83.)

Although both Parties have submitted materials outside of the pleadings in connection with the instant Motion, neither Party has explained why the Court may properly consider these materials in connection with a motion to dismiss. *See Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) ("In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." (quotation marks omitted)); *Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same).

Although some of these materials are potentially pertinent to the Motion, "[i]f, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). When such a "conversion" of a motion to dismiss to a motion for summary judgment occurs, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Conversion to a motion for summary judgment is not unusual in the context of motions to dismiss based on statutes of limitations issues. *See Kregler v. City of New York*, 821 F. Supp. 2d 651, 653 (S.D.N.Y. 2011) (explaining that because "the parties' briefs referred to materials outside the pleadings, the [c]ourt . . . converted . . . [the]

motion [to dismiss] to a motion for summary judgment," which was based on, inter alia, a dispute over whether certain claims were time-barred), *aff'd*, 604 F. App'x 44 (2d Cir. 2015); *Malatesta v. Credit Lyonnais*, No. 03-CV-3690, 2004 WL 1092148, at *2 (S.D.N.Y. May 17, 2004) (converting a motion to dismiss to one for summary judgment when the parties submitted affirmations and exhibits in briefing the issue of whether an amended complaint related back to an original complaint). Thus, "[b]ecause [the Parties] rel[y] upon materials outside of the pleadings, the Court finds it appropriate to convert the motion to dismiss into a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules." *Kregler v. City of New York*, 770 F. Supp. 2d 602, 607 (S.D.N.Y. 2011). However, the Court also finds that it is proper to provide the Parties with notice of the conversion, and with an opportunity to provide "*all* the material that is pertinent," Fed. R. Civ. P. 12(d) (emphasis added), before deciding the Motion as one for summary judgment. *See Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) ("[A] district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under [Rule] 56 and afford all parties the opportunity to present supporting material." (citations and quotation marks omitted)); *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 324 n.1 (2d Cir. 1999) (treating a motion to dismiss as one for summary judgment when the district court provided the parties with "reasonable opportunity to present all material pertinent" to the motion); *Kregler*, 770 F. Supp. 2d at 607 (noting, in converting a motion to dismiss to one for summary judgment, that "both parties will be afforded an opportunity to present additional materials outside the pleadings that they believe are pertinent to the motion").

Accordingly, the Court hereby gives the Parties notice of its intention to convert the Motion To Dismiss to a Motion For Summary Judgment, pursuant to Rule 12(d) of the Federal

3

Rules of Civil Procedure. The Court directs Moving Defendants to file by no later than October 12, 2020 any supplemental materials and briefing to be considered in connection with the instant Motion and the question of whether the relation-back doctrine applies, particularly under New York State law. Plaintiff is to file a response, with any supplemental materials, by no later than October 26, 2020. Moving Defendants are to file a reply by November 2, 2020. Alternatively, the Parties may inform the Court that they do not intend to file supplemental materials and briefing by no later than October 12, 2020.

The Clerk of Court is respectfully directed to terminate the pending Motion, which will be renewed upon Moving Defendants' supplemental submission, (Dkt. No. 368).

SO ORDERED.

DATED:   September 28, 2020
         White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE