UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

Carlos Ocampo, individually and on behalf
of all others similarly situated,

                        Plaintiffs,

        -against-

455 Hospitality LLC, et al.,

                        Defendants.
------------------------------------------------------------------X

14-cv-09614-KMK-VR

**AMENDED ORDER GRANTING PRELIMINARY APPROVAL OF CLASS AND CLASS ACTION SETTLEMENT**

**VICTORIA REZNIK, United States Magistrate Judge:**

      This Amended Order is being issued because of an error contained in the prior order entered December 30, 2024. (ECF No. 537). Plaintiffs informed the Court by letter that paragraph 16 of the December 30th order allowed Class Members who had not opted out of the settlement 60 days from the date they received notice to notify the Claims Administrator if they objected to the settlement, whereas the Settlement Agreement provided those same individuals just 45 days to object. (ECF No. 540). To correct this discrepancy, paragraph 16 of this Order is being amended to provide 45 days for Class Members who have not opted out to notify the Claims Administrator if they object to the settlement. The remainder of the December 30th order remains unaltered.

                                          ***

      Plaintiffs filed this action against Defendants in December 2014 asserting, among other things, that they violated state and federal laws regarding wages and

1

employment practices.[1] (ECF No. 1). On May 15, 2024, the parties moved for an order: (1) certifying the Class Members as a class only for the purpose of settlement, (2) preliminarily approving the Class Settlement Agreement and Release ("the Settlement Agreement"), (3) appointing Class Counsel, (4) appointing a Claims Administrator for the Class, and (5) setting dates to effectuate the terms of the Settlement Agreement, including a Fairness Hearing. In support of their motion, they submitted copies of the Settlement Agreement and the form by which members of the Class would be notified of the proposed settlement. (ECF No. 533-1, 2). The Court has considered the Settlement Agreement, the motion and supporting memorandum of law for preliminary approval, and the declaration of John J. Malley with supporting exhibits, and hereby finds and orders as follows:

**I.   Preliminary Certification of the Proposed Class Under Rule 23 of the Federal Rules of Civil Procedure, for Settlement Purposes Only**

1. Preliminary certification of a class action and preliminary approval of a class action settlement serves several practical purposes; it avoids the cost of litigating class status, it ensures all class members are notified of the terms of the proposed settlement agreement, and it sets a date and time for the final approval hearing for all interested parties to be heard. *See Medina v. NYC Harlem Foods Inc.*, No. 21-CV-1321, 2024 WL 2751127, *3 (S.D.N.Y. May 29, 2024).

---

[1] Unless otherwise defined herein, all terms used in this order will have the same meaning as defined in the Settlement Agreement.

2. Under Rule 23(e) of the Federal Rules of Civil Procedure, the Court provisionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon this or any action, including no effect upon this action should the Settlement Agreement not ultimately be approved), the following Rule 23 class:

> the Named Plaintiffs, Opt-In Plaintiffs, and all individuals employed at the Doubletree by Hilton Hotel located at 455 S. Broadway, Tarrytown, New York 10591 at any time from December 4, 2008, until March 18, 2016, who held a nonexempt position within the Food and Beverage Department of the Housekeeping Department including positions as banquet server, waiter/waitress, host/hostess, dishwasher, sous chef, cook, room service attendant, dining room attendant, banquet houseman, housekeeper, room attendant, and housekeeping houseman (the "Class").

3. The Court appoints, for settlement purposes only, the Named Plaintiffs to represent the Class.

4. For settlement purposes only, Plaintiffs meet all the requirements for class certification under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

II. **Preliminary Approval of the Settlement Agreement**

5. The Court finds, on a preliminary basis, that the settlement memorialized in the Settlement Agreement filed with the Court falls within the range of reasonableness and meets the requirements for preliminary approval such that notice to the Class Members is

appropriate. *See Grissom v. Sterling Infosystems, Inc.*, 20-CV-7948 (VSB), 2024 WL 4627567, *4–6 (S.D.N.Y. Oct. 30, 2024).

6. The Court finds that the Settlement Agreement is the result of extensive negotiations done at arm's length by counsel who were well-versed in the prosecution of wage and hour class actions. *See id.*

7. The Court GRANTS the motion for preliminary approval of the class action settlement agreement.

### III. Appointment of Class Counsel

8. For settlement purposes only, this Court appoints Smith, Buss & Jacobs, LLP, and Vincent Volino, PLLC, as Class Counsel because they meet all the requirements under Federal Rule of Civil Procedure 23(g).

9. These two firms have represented Plaintiffs in this action since its commencement in 2014, resulting in a decade-long relationship. Class Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and Class Members' claims.

10. Class Counsel have substantial experience prosecuting and settling employment litigation, including wage and hour class actions, and are well-versed in wage and hour law and class action law.

11. The work that Class Counsel has performed in both litigating and settling this case demonstrates their skill and commitment to representing the Class's interests.

## IV. Appointment of Class Action Settlement Claims Administrator

12. For settlement purposes only, this Court appoints Robert N. Lang, C.P.A., as the Claims Administrator for this Class Action.

## V. Notice

13. The Court finds that the procedures for notifying the Class Members about the settlement as described in the Settlement Agreement provide the best notice practicable under the circumstances and meet the requirements of due process. The Court thus directs issuance of Notice in accordance with the Settlement Agreement.

14. The Court approves, as to form and content, the Notice submitted by the parties. The Claims Administrator is authorized to mail those documents (after they are updated with the appropriate dates and deadlines consistent with the Settlement Agreement) to the applicable Class Members as provided in the Settlement Agreement.

15. Notice to the Class Members satisfies Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure and adequately puts such Rule 23 Class Members on notice of the proposed settlement. *See Brazier v. Real Hospitality Group, LLC*, 2021 WL 7210088, *3 (S.D.N.Y. Nov. 12, 2021) ("[C]lass notice need only describe the terms of the settlement generally." (internal quotation marks and citations omitted)). The Notice is appropriate because it adequately describes the terms of the settlement, informs the classes about the potential allocation of attorneys' fees,

service payments, and other payments that will be deducted from the Gross Settlement Amount, gives appropriate information about how to participate in the settlement, gives appropriate information about the Court's procedures for final approval of the settlement, and provides specific information regarding the date, time, and place of the final approval hearing. *Id.* The parties may agree to make non-substantive changes to the form of Notice without obtaining additional approval or an amended order from this Court.

16. Any written objection to the settlement by a Rule 23 Class Member who has not opted-out must be mailed or faxed to the Claims Administrator within 45 days from the mailing of Notice and shall then be filed with this Court.

## VI. Fairness Hearing and Final Approval of Settlement Agreement

17. The Court will conduct a hearing under Rule 23(e)(2) of the Federal Rules of Civil Procedure on **May 12, 2025**, in Courtroom 521, 300 Quarropas Street, White Plains, New York 10601 (the "Fairness Hearing"), for the purposes of: (a) hearing any timely and properly filed objections; (b) making a final determination as to the fairness, adequacy, and reasonableness of the settlement terms and procedures; (c) fixing the amount of attorneys' fees and litigation costs and expense to Class Counsel and service awards; and (d) entering judgment. The Fairness Hearing may be continued without further notice to Class Members. The

parties shall jointly file a motion for judgment and final approval of the Settlement Agreement, and Plaintiffs' Counsel shall file their motion for attorneys' fees, litigation costs and expenses, and service awards on or before **April 28, 2025**.

**SO ORDERED.**

DATED:   White Plains, New York
         February 26, 2025

_____
VICTORIA REZNIK
United States Magistrate Judge