UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CARLOS OCAMPO, IGOR MOROZOV, JORGE
VILLANUEVA, AMAURY ORTIZ, PLINIO RETANA,
MANUEL CALDERON, SUTEE MONCHAITANAPAT,
DOUGLAS MOLINA, NELSON DE LA ROSA, FELIPE
BARRIGA, SONIA GONZALEZ, ALBERTO GONZALES,       Case No. 7:14-cv-09614
PANFILO ESCOBAR, EDWARD SURIEL, ALEJANDRO
GONZALEZ, FRANCISCO SOLIS, CANDIDO SANCHEZ,
PESTELA PENALO DIAZ, LUCIA ROJAS-ESCOLASTICO,
JENNYS MOYA, CLARISA ROJAS-DE LA ROSA,
HILARIO KU, and MARIA LAMOTH, on behalf of
themselves and all others similarly situated,

                                        Plaintiffs,

    -against-

455 HOSPITALITY LLC, DOUBLETREE FRANCHISE LLC,
DOUBLETREE HOTEL SYSTEMS, INC., RICHARD
FRIEDMAN, DAVID RIBBENS, NORMA ABDOU,
NURUL HAQUE, DOREEN CLARKE, ACCORD
HUMAN RESOURCES 14, INC. a/k/a ACCORD HUMAN
RESOURCES OF NEW YORK, INC., TRINET HR III, INC.
a/k/a TRINET HR CORPORATION, TEDDY LICHTSCHEIN,
ELIEZER SCHEINER, ALEXANDER SIROTKIN, EFRAIM
ELCHONEN, JORDAN LLC and BROWNE & APPEL, LLC,

                                        Defendants.
------------------------------------------------------------------------X

## ORDER GRANTING FINAL APPROVAL OF
## CLASS AND COLLECTIVE ACTION SETTLMENT AND JUDGMENT

As of approximately May 9, 2024, the parties to this action entered into a Class Settlement Agreement and Release (Doc. 533-1, the "Agreement), and on May 15, 2024 Plaintiffs applied for preliminary approval of the Agreement and the terms thereof. (Docs. 532-534). On December 30, 2024 this Court granted preliminary approval of the Agreement, and provisionally certified the class under Rule 23 of the Federal Rules of Civil Procedure. (Doc. 537). This Court further directed that notice of the agreement, its terms, and applicable procedures and schedules be provided to the

class. All Class Members were given an opportunity to object to the settlement and/or opt out of it.

On May 5, 2025 Plaintiffs filed a motion for judgment and final approval of the parties' settlement and approval of the Claims Administrator's fees and expenses (the "Final Approval Motion"). The Court held a hearing on that motion on May 12, 2025 at 9:30 a.m.

NOW, THEREFORE, IT IS HEREBY ORDERED, upon consideration of the Agreement and final approval motion as well as the parties briefs, declarations and arguments in support of that motion, and the proceedings in this litigation to date, that

1. The Court has jurisdiction over the subject matter of this litigation and all matters relating thereto.

2. Except as otherwise specified herein, the Court for purposes of this order adopts all terms set forth in the Agreement.

3. The Court approves the settlement and Agreement as fair, reasonable, adequate and binding on all class members who have not timely filed an Opt-Out Statement.

4. The Court finds that the settlement is rationally related to the strength of the claims in this case given the risk, expense, complexity, and duration of further litigation.

5. This Court further finds that the Agreement is the result of arms-length negotiations between experienced counsel representing the interests of the parties, after thorough factual and legal investigation.

6. The Court confirms its provisional certification under Fed. R. Civ. P. 23(a) and (b)(3) of the Class as set forth in paragraph 2 of its preliminary approval order (Doc. 537) solely for purposes of settlement.

7. The Court confirms as final the appointment of the Named Plaintiffs to represent the Class.

8. The Court confirms as final the appointment of Smith Buss & Jacobs, LLP and Vincent Volino PLLC as Class Counsel.

9. The Court confirms as final the appointment of the accounting firm of Lang & Co. CPAS, formerly known as Robert N. CPA as Claims Administrator.

10. The Notices to Class Members, pursuant to this Court's December 30, 2024 Order, constituted the best notice practicable under the circumstances and met the requirements of due process.

11. The Notice to Class Members satisfied Rule 23 (2)(B) of the Federal Rules of Civil Procedure and adequately put the Rule 23 Class Members on notice of the settlement.

12. The Claims Administrator shall distribute Settlement Checks from the Net Settlement Fund to Authorized Claimants and Service Awards to the Class Representatives to be paid as described in the Agreement.

13. The Claims Administrator shall provide verification to Class Counsel and to Counsel for Defendants that it has distributed the Settlement Checks to the Authorized Claimants. The Settlement Claims Administrator shall make and report payments in conformance with Sections 3.2 through 3.5 of the Agreement, or as the Settlement Claims Administrator may modify in the best exercise of his professional judgment under the circumstances, and in conformance with applicable tax reporting procedures.

14. The Claims Administrator shall retain copies of all of the endorsed Settlement Checks.

15. The Claims Administrator shall provide Defendants' counsel with copies of the endorsed Settlement Checks in accordance with this Agreement and the Court's Final Approval Order;

16. The parties are ordered to carry out the settlement according to the terms of the Agreement; and

17. The Court retains jurisdiction over this matter for purposes of resolving issues relating to administration, implementation and enforcement of the Agreement.

18. The Court grants to the Claims Administrator an award of its fees and expenses in the amount of $ 25,000.00        .

THE COURT HEREBY ORDERS, ADJUDGES AND DECREES THAT:

19. The Agreement and this final approval Order shall have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings to the extent any such lawsuits or other proceedings include any claims of the Plaintiffs or any claims of the Settlement Class Members that are subject to the releases set forth in the Agreement or on the FLSA settlement checks for those cashing such checks, whether those lawsuits or proceedings are maintained by or on behalf of Plaintiffs or the Settlement Class Members, or to the extent the claims would otherwise be barred by principles of *res judicata*. The Agreement and this Order shall be binding on the Plaintiffs, the Settlement Class Members, their heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf.

20. The Plaintiffs and the Settlement Class Members are permanently barred from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any

other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the claims they released in the Agreement.

21. The Agreement provided for herein, and any proceedings undertaken pursuant thereto, may not be offered, received, or construed as evidence of: a presumption, concession, or an admission by any party of liability or non-liability; the certifiability or non-certifiability of the class and collective claims resolved by the Agreement; provided, however, that reference may be made to this Agreement in such proceedings as may be necessary to effectuate the provisions of this Agreement.

22. This Order shall be entered forthwith, dismissing this lawsuit with prejudice.

23. Without affecting the finality of this Order, the Court retains continuing jurisdiction over the Plaintiffs, Defendant, and the Settlement Class Members as to all matters concerning the administration, consummation, and enforcement of this settlement Agreement and Order.

**IT IS SO ORDERED.**

Dated: May 12, 2025

_____
The Honorable Victoria Reznik
United States Magistrate Judge